IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01802-BNB

WILLIAM J. MABIE,

    Applicant,

v.

CHARLES DANIELS,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, William J. Mabie, is in the custody of the United States Bureau of Prisons and currently incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Mabie, acting *pro se*, initiated this action by filing a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. The Petition was deficient because Mr. Mabie failed to file his claims on a proper Court-approved form used in filing § 2241 actions. Mr. Mabie cured the defect on August 9, 2013. In the § 2241 Application Mr. Mabie requests that his conviction and sentence be vacated and a new trial be held. On August 14, 2013, Magistrate Judge Boyd N. Boland entered an Order to Show Cause directing Mr. Mabie to demonstrate why the Application should not be denied because Mr. Mabie has an adequate and effective remedy in the sentencing court in the United States District Court for the Eastern District of Missouri (Eastern District of Missouri). Mr Mabie filed a Response on September 10, 2013.

    The Court must construe the Application and Response liberally because Mr. Mabie is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Mabie was convicted in the Eastern District of Missouri on two counts of mailing threatening communication, in violation of 18 U.S.C. § 876(c), and one count of interstate communication of threat, in violation of 18 U.S.C. § 875(c). *See United States v. Mabie*, No. 09-cr-00351-ERW-1 (E.D. Mo. Nov. 10, 2010). The Eighth Circuit Court of Appeals affirmed the conviction and sentence on direct appeal, and the United States Supreme Court denied certiorari review. *See United States v. Mabie*, No. 10-3526 (8th Cir. Dec. 2, 2011) (*reh'g denied en banc,* Jan. 24, 2012), *cert. denied*, No. 11-9770 (Oct. 1, 2012). While his conviction was pending on direct appeal, Mr. Mabie filed two motions under 28 U.S.C. § 2255. *See Mabie v. United States*, No. 12-cv-00571-ERW (E.D. Mo. June 5, 2012); *see also Mabie v. United States*, No. 11-cv-01431-ERW (E. D. Mo. Sept. 15, 2011). The Eastern District of Missouri denied both motions as prematurely filed. Mr. Mabie then filed a third § 2255 motion on November 5, 2012. *See Mabie v. United States*, No. 12-cv-02086-ERW (E.D. Mo. July 26, 2013). Over the almost eight months that the third § 2255 motion was pending, Mr. Mabie submitted over twenty different pleadings that included, but were not limited to (1) supplements to the motion; (2) requests for hearings; (3) motions for summary judgment; (4) motion for recusal; (5) request for court ruling; (6) motion to compel the government to respond; (7) petition for writ of mandamus with the Eighth Circuit that was denied; (8) request for subpoenas; and (9) motion for sanctions. *Id.* In response to the Eighth Circuit's direction that the Eastern District of Missouri respond to Mr. Mabie's petition for writ of

mandamus, the district court stated that Mr. Mabie employed hostile and disrespectful tactics in his § 2255 action similar to what he did in his criminal action. *Id.* at 31. The district court also stated that Mr. Mabie made several insults directed to the court in the motion for recusal without stating a claim of substance and filed numerous documents and motions for discovery or sanctions that were entirely conclusory and failed to allege any facts that if proven entitled him to relief. *Id.* Finally, the district court stated that Mr. Mabie's litigation and litigation tactics show that he is more concerned with annoying and disparaging the government and its agents than he is with vindicating a cognizable legal right. *Id.* The Eighth Circuit denied the petition for writ of mandamus on July 2, 2013, without comment.

The Eastern District of Missouri then denied the § 2255 motion on July 26, 2013, finding that the motion, file, and records in the case do not support Mr. Mabie's claims of judicial misconduct, prosecutorial misconduct, ineffective assistance of counsel, lack of mens rea, or improper sentence enhancement. *See id.*, ECF No. 45 at 14. Mr. Mabie filed this action on July 9, 2013, within a week of the Eighth Circuit's decision denying his petition for a writ of mandamus.

Mr. Mabie raises three claims in this Application, including judicial misconduct, prosecutorial misconduct, and ineffective assistance of counsel. Application, ECF No. 5 at 2-4. Mr. Mabie asserts in the Application that his criminal proceeding was (1) a "total systemic collapse"; (2) there was "evidentiary-never dealt with"; (3) the "clerk became [the] gatekeeper"; (4) the "government was allowed to steal legal papers/exhibits"; (5) "forced counsel did not acquire evidence"; (6) the "court was clearly adversarial"; (7) the "recusal 144 motion [was] ignored"; and (8) his direct appeal was denied and his § 2255

motion was precluded. Mr. Mabie concludes that he was never allowed to argue his defense and the same "verified lies" that were used "to deny pro se" were used to deny his 2255.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). The narrow reading of the savings clause is well established in the Tenth Circuit. *See Prost v. Mabie*, 636 F.3d 578, 588 (10th Cir. 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ( The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho,* 177 F.3d at 1178. Mr. Mabie does not assert any of these circumstances.

Another circumstance under which the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars

retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)). The Tenth Circuit, however, has explicitly declined to adopt the *Reyes-Requena* test. *See Prost*, 636 F.3d at 593-94. Furthermore, both the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief are rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost*, 636 F.3d at 593-94.

Finally, Mr. Mabie bears the burden of demonstrating that the remedy under § 2255 is inadequate or ineffective. *Id.* at 584. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Prost*, 636 F.3d at 587. The sentencing court's denial of Mr. Mabie's third § 2255 motion on the merits does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings."). "Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective." *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

Nothing Mr. Mabie asserts supports a finding that his third § 2255 motion was

inadequate or ineffective.  Because Mr. Mabie fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective, the Application will be dismissed for lack of statutory jurisdiction.  *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Mabie files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Mabie fails to assert that his remedy in the United States District Court for the Eastern District of Missouri is ineffective and inadequate.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that Mr. Mabie's request for copies, ECF No. 8, is denied. The Clerk of the Court is directed to send a copy of the Docket in this case to Mr. Mabie so he may determine what documents he desires to have copied and the Clerk of the Court then may identify the cost, pursuant to the United States District Court, District of Colorado Schedule of Fees, for the photocopying of the documents. Reproduction of previous filings costs $.50 per page and must be paid for in advance.

DATED at Denver, Colorado, this  26th  day of   September  , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court